FRIEDMAN DUMAS & SPRINGWATER LLP
CECILY A. DUMAS (S.B. NO. 111449)
M. ELAINE HAMMOND (S.B. NO. 197444)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044

Proposed Attorneys for Debtor
THE WILKES BASHFORD COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re | Case No. 09-33497 TEC |
|---|---|
| The Wilkes Bashford Company, | Chapter 11 |
| Debtor. | INTRODUCTORY STATEMENT AND CERTIFICATION OF COMPLIANCE WITH GUIDELINES RE EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS PURSUANT TO BANKRUPTCY CODE §§ 361 AND 363 |
| Tax I.D. 94-2944325 | |
| | Date: November 10, 2009<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>235 Pine Street, Courtroom 23<br>San Francisco, CA<br>Judge: Thomas E. Carlson |

The Wilkes Bashford Company ("Debtor"), Debtor and Debtor-in-possession in the above-captioned case, pursuant to this Court's Guidelines for Cash Collateral & Financing Motions & Stipulations (the "Guidelines"), hereby submits this introductory statement and certificate of compliance (the "Introductory Statement") in support of the Debtor's *Emergency Motion for Order Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Bankruptcy Code §§ 361 and 363* (the "Cash Collateral Motion").

**A. Parties Asserting an Interest in Cash Collateral and Adequate Protection to be Provided.**

1. **Comerica Bank ("Comerica").** Comerica has stipulated to the use of Cash Collateral on the terms of the Stipulation Authorizing Debtor's Use of Cash Collateral and Granting Adequate Protection (the "Stipulation"). Comerica claims a security interest in all personal property of the Debtor, including accounts, inventory, goods and deposit accounts. It asserts a secured claim in the approximate current amount of approximately $3,145,237. In order to secure the diminution in value (if any) of the Prepetition Collateral[1], the Debtor intends to provide Comerica with adequate protection in the form of (i) a replacement lien in postpetition assets to the same extent, priority and validity as its lien in prepetition assets and (ii) a superpriority administrative claim. Such liens and claims shall be junior only to Ed Mitchell West, LLC ("Mitchell"), the proposed postpetition lender. Stipulation, Paragraph 3.

2. **Shareholder Lien Claims.** Three shareholders of the Debtor, Wilkes Bashford, Joseph Callahan and Joseph Callahan (collectively, the "Shareholder Lenders"), claim a security interest in Cash Collateral consisting of accounts and inventory of the Debtor and proceeds therefrom. The Shareholder Lenders have consented to the use of Cash Collateral on the same terms and conditions as the Stipulation. The Shareholder Lenders assert a claim of $750,000 in the aggregate. The security interests of the Shareholder Lenders are subordinate to that of Comerica. In order to secure the diminution in value (if any) of the prepetition collateral of the Shareholder Lenders, the Debtor intends to provide the Shareholder Lenders with adequate protection in the form of (i) a replacement lien in postpetition assets to the same extent, priority and validity as its lien in prepetition assets and (ii) a superpriority administrative claim. Such liens and claims shall be junior only to Mitchell and Comerica.

3. **RAI Credit, LLC ("RAI").** RAI is not subject to the terms of the Stipulation. RAI asserts a security interest in Cash Collateral consisting of accounts of the

---

[1] Capitalized terms not defined herein shall have the meaning provided in the Cash Collateral Motion or the Stipulation, as appropriate.

Debtor. RAI provides credit card processing services for purchases made using The Wilkes Bashford Company credit card. As RAI deducts its fees prior to distribution of payments received to the Debtor, RAI is holding funds of the Debtor in excess of the amounts owed to RAI. As adequate protection, the Debtor intends to provide RAI a lien in postpetition assets to the same extent, priority and validity as its lien in prepetition assets.

### B. Purposes for the Use of Cash Collateral.

The Debtor requires immediate authority to use Cash Collateral to maintain its business operations and pay its ongoing operational expenses, including without limitation the payment of its employees and on-going costs and expenses necessary to maintain the Debtor's operations for the period prior to the Debtor's sale of assets as an on-going concern. Without the ability to use Cash Collateral, the Debtor cannot meet these expenses and is in jeopardy of having to cease operations. The Debtor is separately seeking authority for postpetition financing pursuant to the DIP Loan Agreement to be used to purchase inventory for sale through the Debtor's retail stores.

### C. Material Provisions of the Stipulation for Use of Cash Collateral.

1. **Term of Use.** Cash Collateral may be used for operations in accordance with the Budget through the earlier of (i) December 1, 2009, subject to written amendment by the parties, or (ii) the date that a sale authorized by this Court is closed. Upon termination of the Stipulation, the Debtor is entitled to seek court approval for use of Cash Collateral. Stipulation, Paragraphs 1 and 2.

2. **Events of Default.** The Stipulation provides that any of the following constitutes an Event of Default: (a) Failure to perform or comply with the terms of the Stipulation, (b) Failure to adhere to the Budget, except to the extent the Debtor is allowed to carry forward unused Cash Collateral, and (c) the occurrence of any event of default defined in the DIP Loan Agreement, provided that such event of default remains uncured following any applicable grace period. Stipulation, Paragraph 6.

**D. Form of Order.**

The proposed Interim Order is attached as Exhibit B to the Cash Collateral Motion.

**E. Required Disclosures.**

The Guidelines require the disclosure of certain provisions included in the Cash Collateral Motion. Accordingly, the following disclosures are made:

- Guideline C.1. – Grant of a priority claim and liens on property of the estate. Stipulation, paragraph 3.
- Guideline C.2. – Provision of adequate protection to Comerica. Stipulation, paragraph 3.
- Guideline C.9. – Waiver of surcharge rights pursuant to Bankruptcy Code § 506(c). Such waiver is only applicable during the period the Stipulation is in effect. Stipulation, paragraph 5.

The Guidelines also require the Debtor to identify any provisions not ordinarily approved by the Court. The Stipulation does not provide a carve-out for a subsequently appointed trustee. Guideline E.13. Comerica Bank, the Debtor's prepetition secured lender, is concerned about the risk that its collateral base will erode during the sale process. Specifically, Comerica has agreed that its liens would be subordinated to new senior liens in favor of Mitchell up to the sum of $550,582. The Debtor engaged in extensive marketing efforts, the result of which was the Mitchell offer. This offer reflects the best opportunity for return to secured and unsecured creditors. Comerica is willing to allow the Debtor to attempt a going concern sale, but is not willing to risk further erosion of its cash collateral through a carve-out for administrative claims.

**F. Certification**

The undersigned Certifying Professional has read the accompanying Cash Collateral Motion and this Introductory Statement; to the best of my knowledge, information and belief, formed after reasonable inquiry, the terms of the relief sought in the motion or stipulation are in conformity with the Court's Guidelines for Cash Collateral and Financing

Motions and Stipulations except as set forth in the Cash Collateral Motion.  I understand and have advised the debtor in possession that the court may grant appropriate relief under Federal Rule of Bankruptcy Procedure 9024 if the court determines that a material element of the Cash Collateral Motion was not adequately disclosed in the Introductory Statement.

Dated: November 9, 2009            FRIEDMAN DUMAS & SPRINGWATER LLP

                        By:  */s/ Cecily A. Dumas*
                            Cecily A. Dumas
                            Proposed Attorneys for Debtor
                            THE WILKES BASHFORD COMPANY