FRIEDMAN DUMAS & SPRINGWATER LLP
CECILY A. DUMAS (S.B. NO. 111449)
M. ELAINE HAMMOND (S.B. NO. 197444)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044
cdumas@friedumspring.com
ehammond@friedumspring.com

Attorneys for Debtor
TWBC, Inc. f/k/a THE WILKES BASHFORD COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>TWBC, INC.<br>f/k/a The Wilkes Bashford Company,<br><br>Debtor. | Case No. 09-33497 TEC<br><br>Chapter 11<br><br>**FIRST INTERIM APPLICATION FOR COMPENSATION AND EXPENSE REIMBURSEMENT FOR DEBTOR'S COUNSEL FRIEDMAN DUMAS & SPRINGWATER LLP**<br><br>(November 9, 2009 – February 28, 2010)<br><br>Date: May 3, 2010<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>235 Pine Street, Courtroom 23<br>San Francisco, CA<br>Judge: Thomas E. Carlson |

# FIRST INTERIM FEE APPLICATION SUMMARY

| | |
|---|---|
| **NAME OF APPLICANT:** | Friedman Dumas & Springwater LLP |
| **AUTHORIZED TO PROVIDE PROFESSIONAL SERVICE TO:** | TWBC, Inc. *formerly known as The Wilkes Bashford Company* |
| **DATE OF RETENTION:** | Approved December 3, 2009; effective as of November 9, 2009 |
| **PERIOD FOR WHICH INTERIM COMPENSATION AND REIMBURSEMENT IS SOUGHT:** | November 9, 2009 through February 28, 2010 |
| **FIRST APPLICATION:** | Total Fees Incurred: $116,752.50 |
| | Total Expenses Incurred: $7,428.84 |
| | **Total Fee Application:** $124,181.34 |
| **COMPENSATION AND EXPENSES PREVIOUSLY AWARDED:** | None |
| **SUMMARY OF PROFESSIONALS, BAR ADMISSION DATES, BILLING RATES, AND TOTAL HOURS/ AMOUNT BILLED:** | See Section II.B. |

TO THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:

Friedman Dumas & Springwater LLP ("FD&S"), bankruptcy counsel for TWBC, Inc. f/k/a The Wilkes Bashford Company ("Debtor"), hereby submits its First Interim Application for Compensation and Expense Reimbursement as Reorganization Counsel ("Application") for allowance of compensation for services rendered and reimbursement of expenses incurred. FD&S incurred $116,752.50 in fees, and $7,428.84 in expenses for a total of $124,181.34. The application covers the time period from November 9, 2009 – February 28, 2010 (the "Application Period").

## I.

## CASE STATUS AND APPOINTMENT OF FD&S

On November 9, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On the same date, the Debtor also filed a motion to sell substantially all of its assets pursuant to Section 363 of the Bankruptcy Code. The sale was approved by the court on November 25, 2009, and closed on November 30, 2009. Comerica Bank, the senior secured creditor, has been paid in full.

Since the sale closing, the Debtor has worked to recover additional assets for the benefit of its estate and to resolve the remaining secured claims asserted by certain shareholder lenders. Prior to conversion or dismissal of this case, the Debtor anticipates completing these efforts. In addition, counsel has reviewed the Debtor's records regarding potential avoidance actions and filed an adversary proceeding against one entity.

On November 19, 2009, the Debtor filed its Application for Order Authorizing the Retention of Friedman Dumas & Springwater LLP as Reorganization Counsel for Debtor [Docket No. 93]. On December 3, 2009, the Court entered its order appointing FD&S as counsel to the Debtor in the Chapter 11 cases effective as of the date of the filing of the Debtor's bankruptcy petition [Docket No. 116]. This is FD&S's first fee application in the Chapter 11 case.

FD&S holds a prepetition retainer in the amount of $121,859.65. The retainer will be applied to any amounts allowed.

## II.

## SUMMARY OF FEES AND EXPENSES

### A. Fees by Project Category

The work performed by FD&S in this case is summarized below by billing category. A detailed record of FD&S's services is reflected in FD&S's time records attached hereto as Exhibit A. Pursuant to Guideline 4, the following chart summarizes categories of services FD&S provided and renders an accounting of the time and dollars expended in each category. Detailed in Section III below is a narrative summary for each of the categories for which services were provided.

| Project Category | Hours | Fees Incurred |
|---|---|---|
| B110 – Case administration | 50.3 | $14,056.00 |
| B120 – Asset Analysis and Recovery | 30.7 | 13,370.50 |
| B130 – Asset Disposition | 87.2 | $32,826.00 |
| B140 – Relief from Stay/Adequate Protection | .7 | $289.00 |
| B150 – Meeting of and Communications with Creditors | 18.4 | $6,912.00 |
| B160 – Fee/Employment Applications | 3.7 | $1,159.00 |
| B161 – Quest Employment Issues | 14.3 | $6,244.00 |
| B180 – Avoidance Action Analysis | 39.9 | $13,670.00 |
| B181 – Milberg Factors Adversary Proceeding | 5.0 | $2,310.00 |
| B185 – Assumption/Rejection of Real Property Leases | 9.0 | $3,950.00 |
| B210 – Business Operations | 16.5 | $7,120.00 |
| B220 – Employee Benefits/Pensions | 2.8 | $1,120.00 |
| B230 – Financing and Secured Claims | 30.2 | $12,565.00 |
| B310 – Claims Administration and Objections | 2.7 | $1,161.00 |
| TOTAL | 311.4 | $116,752.50 |

B. **FD&S's Fees By Professional**

The persons assigned to this matter, their hourly rates, and brief descriptions of their responsibilities are set forth below. FD&S expended 311.4 hours in the representation of the Debtor, at an average hourly rate of $ 374.93.

| Name of Professional | Year Admitted | 2009 Rate | 2010 Rate | Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Cecily A. Dumas<br>Partner | 1983 | $500.000 | $530.00 | 56.1 | $28,365.00 |
| M. Elaine Hammond<br>Partner | 1998 | $400.00 | $430.00 | 147.3 | $60,462.00 |
| Hill Blackett, III<br>Of Counsel | 1980 | $450.00 | $480.00 | 16.1 | $7,338.00 |
| Stefanie A. Elkins<br>Associate | 2007 | $250.00 | $305.00 | 26.0 | $7,407.50 |
| Katherine Hollander<br>Paralegal | N/A | $200.00 | $200.00 | 65.9 | $13,180.00 |
| | | | | 311.4 | $116,752.50 |

C. **Summary of Expenses**

The total expenses incurred by FD&S during the Application Period were $7,428.84. A summary of the expenses incurred is listed by category below. Detailed information regarding the expenses is attached as Exhibit B.

| Description | Amount |
|---|---|
| Photocopying – In House | $718.40 |
| Photocopying – Outside | $3,052.75 |
| Telephone | $21.52 |
| Meals | 8.68 |
| Delivery and Messenger Services | $56.75 |
| Postage | $568.59 |
| Local Travel | 41.00 |
| Court Fees | $2,725.00 |
| Conference Call Fees | $236.15 |
| TOTAL | $7,428.84 |

The expenses included, without limitation, legal research, photocopying, long distance telephone charges, mileage, and messenger services.

FD&S charges $0.20 per page for in-house photocopying, which amount is intended to cover the cost of supplies and labor associated with providing photocopying services. FD&S's photocopy machine records the number of copies made when the person operating the machine enters the client's account number into the machine. FD&S summarizes each client's photocopying charges on a monthly basis. Such charges are reflected in Exhibit B. Whenever feasible, FD&S sends large copying projects to outside copy services that charge bulk rates for photocopying. In such instances, unless the client pays such outside services directly, FD&S charges its clients the same amount that FD&S pays to the outside services.

FD&S also records telephone expenses associated with individual client accounts. These are recorded automatically as the calls are made and summarized by client on a monthly basis. While the Guidelines allow for reimbursement of the telephone charges for outgoing facsimile transmissions and reimbursement of up to $0.20 per page of facsimile transmissions received, it is FD&S's practice not to charge for fax transmissions.

FD&S incurs postage costs for serving pleadings, mailing notices to parties at interest, and sending general correspondence in the representation of the Debtor. Costs for postage are compiled based on account numbers identified when postage is printed by FD&S's postage meter, and are passed along without addition or premium.

Although FD&S attempts to avoid messenger expenses when information can be transmitted by mail, email, or fax, the charges for messenger services are posted to clients' accounts and reimbursement is requested at the actual amount charged by the outside service. FD&S attempts to use the least expensive service available consistent with obtaining delivery within the time required.

## III.

## DESCRIPTION OF SERVICES

### A. Category B110 – Case Administration

This category relates to general administration duties. This category includes preparation for hearing on the first day motions, preparation of the Statement of Financial Affairs, and Schedules of Assets and Liabilities, providing assistance to the Debtor in reviewing and ensuring compliance of monthly operating reports with the requirements of the United States Trustee, and preparation of the application to designate Toby Ko as the responsible individual. FD&S spent 50.3 hours and incurred fees of $14,056.00 in this category at a blended hourly rate of $279.44.

### B. Category B120 – Asset Analysis and Recovery

This category primarily concerns efforts to recover assets of the Debtor's estate following the sale to Ed Mitchell West, LLC ("Mitchell"), including recovery of funds held by American Express and RAI Credit. Additionally, counsel investigated potential sources of recovery in connection with two key man life insurance policies. To date, the Debtor has recovered approximately $204,000 on account of these efforts. FD&S spent 30.7 hours and incurred fees of $13,370.50 in this category at a blended hourly rate of $435.52.

### C. Category B130 – Asset Disposition

This category includes time spent in connection with consummating and closing the sale of substantially all assets of the Debtor to Mitchell. FD&S prepared a motion to approve the bid procedures, negotiated and revised the asset purchase agreement, prepared the sale motion, attended the sale hearing, and assisted with post-closing issues. FD&S spent 87.2 hours and incurred fees of $32,826.00 in this category at a blended hourly rate of $376.44.

### D. Category B140 – Relief from Stay/Adequate Protection

This category includes time spent negotiating and responding to motions for relief from stay by Ford Motor Company. FD&S spent .7 hours and incurred fees of $289.00 in this category at a blended hourly rate of $412.86.

**E.     Category B150 – Meetings of and Communications with Creditors**

This category includes time spent preparing for and attending the meeting of creditors, providing information to potential members and counsel for creditors committee, and in responding to other creditor inquiries. FD&S spent 18.4 hours and incurred fees of $6,912.00 in this category at a blended hourly rate of $375.65.

**F.     Category B160 – Fee/Employment Applications**

This category relates to time spent preparing employment and fee applications for FD&S. FD&S spent 3.7 hours and incurred fees of $1,159.00 in this category at a blended hourly rate of $313.24. Pursuant to Guideline 6, FD&S estimates that approximately 6.0 hours and $1,200.00 in fees will be reflected and charged in a future fee application for time spent preparing this First Interim Fee Application. This amount will represent 0.9% of the total amount requested herein.

**G.     Category B171 – Quest Employment Issues**

This category relates to time spent in connection with the employment of Quest Turnaround Advisors, responding to an objection to the Quest employment application and negotiating a consensual order to Quest's employment, negotiations with Quest regarding its expense allowance, and preparation of a turnover motion. FD&S spent 14.3 hours and incurred fees of $6,244.00 in this category at a blended hourly rate of $435.64.

**H.     Category B180 – Avoidance Action Analysis**

This category relates to time spent reviewing and analyzing legal and factual issues in connection with potential avoidance actions based on prepetition payments to vendors, consignors, and concessionaires. FD&S spent 39.9 hours and incurred fees of $13,670.00 in this category at a blended hourly rate of $342.61.

**I.     Category B181 – Milberg Factors Adversary Proceeding**

This category relates to time spent analyzing information and preparing and filing a preference action against Milberg Factors. FD&S spent 5.0 hours and incurred fees of $2,310.00 in this category at a blended hourly rate of $462.00.

J.  **Category B185 – Assumption/Rejection of Leases and Contracts**

This category includes time spent in connection with rejection of the Debtor's real property leases excluded from the Mitchell sale. FD&S prepared motions to reject the Carmel and Mill Valley Leases and appeared at the hearings. It also includes time spent addressing cure payment issues related to assumption of leases included in the Mitchell sale. FD&S spent 9.0 hours and incurred fees of $3,950.00 in this category at a blended hourly rate of $438.89.

K.  **Category B210 – Business Operations**

This category includes work on legal issues with respect to Debtor's general business operations while in bankruptcy, prior to closing of the sale to Mitchell. It also includes an analysis of issues related to concession and consignment arrangements with certain vendors, and the preparation of a motion regarding the treatment and payment of such claims. FD&S spent 16.5 hours and incurred fees of $7,120.00 in this category at a blended hourly rate of $431.52.

L.  **Category B220 – Employee Benefits/Pensions**

This category includes time spent assisting Debtor with legal issues with respect to COBRA benefits, its 401(k) plan, and other employee benefit issues. FD&S spent 2.8 hours and incurred fees of $1,120.00 in this category at a blended hourly rate of $400.00.

M.  **Category B230 – Financing and Secured Claims**

This category includes time spent negotiating a stipulation with RAI Credit regarding a credit account purchase agreement; analysis and evaluation of the loan and secured claims of Callahan, Keenan and Bashford; preparing a release of secured claim for Bashford; legal research regarding Section 506(c) surcharge issues; time spent on issues related to the initial stipulation for use of cash collateral; negotiations and drafting of a subsequent non-consensual motion for use of cash collateral, attending the hearing and preparation of the cash collateral order; and the negotiation of a subsequent extension of use of cash collateral. FD&S spent 30.2 hours and incurred fees of $12,565.00 in this category at a blended hourly rate of $416.06.

### N. Category B310 – Claims Administration and Objections

This category relates to FD&S's work in reviewing and analyzing certain secured claims asserted against the Debtor. FD&S spent 2.7 hours and incurred fees of $1,161.00 in this category at a blended hourly rate of $430.00.

## IV.

## STANDARD OF LAW

### A. Factors in Evaluating Requests for Interim Compensation.

Pursuant to Section 330(a)(1) of the Bankruptcy Code, the Court may award to professional persons employed under Section 327:

   (A)   reasonable compensation for actual, necessary services rendered by the trustee ... or attorney and by any paraprofessional person employed by any such person; and

   (B)   reimbursement for actual, necessary expenses.

The customary method for assessing an attorneys' fee application in bankruptcy is the "lodestar" method, under which "the number of hours reasonably expended" is multiplied by "a reasonable hourly rate" for the person providing the services. *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 597 (9th Cir. 2006). In determining whether an attorney's billing rate is a reasonable hourly rate, a court should also take into account the cost of comparable non-bankruptcy services. *In re Yermakov v. Fitzsimmons (In re Yermakov)*, 718 F.2d 1465, 1471 (9th Cir. 1983).

In addition, Section 330(a)(3) requires the court to consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

   (A)   the time spent on such services;

   (B)   the rates charged for such services;

   (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [Title 11].

As set forth above, the fees and expenses for which FD&S requests compensation and reimbursement are reasonable and for actual and necessary services rendered and expenses incurred.

**B.  Compliance with the Guidelines.**

Billing statements were provided to the Debtor on a monthly basis and the Debtor has been provided with this fee application at least 20 days prior to the scheduled hearing date. A copy of the letter transmitting this fee application to the Debtor is attached as Exhibit D.

V.

CONCLUSION

FD&S respectfully requests that the Court enter an order:

(a) approving FD&S's fees in the amount of $ $116,752.50 and expenses in the amount of $7,428.84, for total fees and expenses in the amount of $124,181.34 incurred during the Application Period;

(b) authorizing the Debtor to pay to FD&S the sum of $124,181.34; and

(c) providing such other relief as the Court deems just and proper.

| | |
|---|---|
| 1 | Dated: March 30, 2010 |

Respectfully submitted,

FRIEDMAN DUMAS & SPRINGWATER LLP

By: /s/ *M. Elaine Hammond*
     M. Elaine Hammond

# CERTIFICATION

I, M. Elaine Hammond, hereby certify that:

1. I am a partner with the applicant law firm Friedman Dumas & Springwater LLP ("FD&S"), attorneys for the Debtor.

2. I am personally and directly involved with the representation of the Debtor and have personal knowledge of the matters set forth herein.

3. I submit this Certification in connection with the First Interim Application for Compensation and Expense Reimbursement as Reorganization Counsel (the "Fee Application"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure and Guideline 8 of the Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (the "Guidelines").

4. I have been designated by FD&S with the responsibility in the above-captioned chapter 11 case for compliance with the Guidelines.

5. I hereby certify that:

   (a) I have read the Fee Application.

   (b) To the best of my knowledge, information, and belief, formed after a reasonable inquiry, the compensation and expense reimbursement sought by FD&S in the Fee Application is in conformity with the Guidelines.

   (c) The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by FD&S and generally accepted by FD&S's clients.

   (d) No compensation has been previously promised to, or received by, FD&S in the above-referenced chapter 11 case.

   (e) No agreement or understanding exists between FD&S and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the above-referenced chapter 11 case.

   (f) FD&S holds a prepetition retainer in the amount of $121,859.65. The retainer will be applied to any amounts allowed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Certification was executed on March 30, 2010 at San Francisco, California.

*/s/ M. Elaine Hammond*
M. Elaine Hammond