Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for Joseph Callahan, Joseph Keenan
and Landlord Wilkes Bashford 375 Sutter Street, LLC

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re<br><br>TWBC, INC., fka THE WILKES BASHFORD COMPANY<br><br>　　　　Debtor | Case No. 09-33497 TC<br><br>Chapter 11 |

## STIPULATION RESOLVING CLAIMS

This Stipulation is entered into by and between TWBC, Inc., Debtor and Debtor in Possession (the "Debtor") and its Official Creditors Committee (the "Committee"), on the one hand, and Joseph Callahan and Joseph Keenan (collectively, the "Shareholder Creditors") and Wilkes Bashford 375 Sutter Street, LLC (the "Landlord") on the other hand, as of June 4, 2010.

*Recitals of Fact*

A. On November 7, 2009, the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. No trustee has been appointed, and TWBC, Inc. administers its estate as debtor-in-possession to 11 USC § 1101 et seq.

B. On November 30, 2009, pursuant to an Order of the Court, the Debtor sold substantially all of its assets and satisfied the claim of its first priority secured creditor from the proceeds of sale.

C. The Shareholder Creditors hold a claim for approximately $550,000 secured by certain of the remaining assets of the Debtor. The Committee has asserted defenses and challenges to the Shareholder Creditors' secured claim through a Motion assigned Docket No. 185 (the "Avoidance Motion").

D. At a hearing on May 24, 2010, the Court provided the parties with its preliminary rulings on the disputed issues of law associated with the Avoidance Motion, reserving decision with respect to factual disputes. The parties thereafter reached agreement respecting the potentially disputed factual issues. This Stipulation applies to the Court's preliminary ruling respecting the Avoidance Motion to the facts as the parties perceive them.

E. Among the remaining assets of the estate which constitute the Shareholder Creditors' collateral is an unliquidated private label credit card receivable administered by RAI (the "RAI Receivable") in the face amount of $50,310. The realizable value of the RAI Receivable is materially less than its face value.

F. The Shareholder Creditors are members of the Landlord and caused the Landlord to file a motion seeking allowance of an administrative claim against the bankruptcy estate, assigned Docket No. 199 (the "Pioneer Motion").

G. The parties hereto wish fully and completely to resolve all issues and disputes between and among themselves.

*Stipulation*

WHEREFORE, the parties hereto stipulate as follows:

1. <u>The Payment:</u> The Debtor shall distribute to the Shareholder Creditors an aggregate of $198,296.45 in the form of checks in the amount of $170,648.23 payable to Joseph Callahan and $27,648.22 payable to Joseph Keenan (collectively, the "Payment"). The Committee shall, either directly or through the Debtor, solicit a purchase offer for the RAI Receivable from RAI, and in the event that it obtains an offer in excess of $21,692, it shall increase the aggregate payment to the Shareholder Creditors by such excess, distributing such increase equally to Mr. Callahan and Mr. Keenan. The first $21,692 in proceeds received from the RAI Receivable either through collections or a sale will be reimbursed to the Debtor's estate. The Payment shall be in full and complete satisfaction and discharge of any and all claims that are or might be asserted by the Shareholder Creditors or the Landlord against the Debtor or with respect to their security interest against certain of the Debtor's assets and any rights or claims they may have under the *Interim Order Authorizing Cash Collateral and Granting Replacement Liens Pursuant to Bankruptcy Code §§ 361 and 363* [Docket No. 50] and the *Order Authorizing Use of Cash Collateral and Payment of Payroll, Sales and Use Taxes Pursuant to Bankruptcy Code § 363* [Docket No. 126] (collectively, the "Cash Collateral Order").

2. <u>The Pioneer Motion:</u> The Landlord shall cause the Pioneer Motion to be dismissed with prejudice.

3. This Stipulation resolves all issues raised in the Shareholder Creditors' motion for *Relief from Stay and Turnover* [Docket No. 167] (the "Stay Relief Motion") and the Avoidance Motion.

4. <u>Mutual Release</u>: For the purposes of this Mutual Release:

   a. Terms:

      i. The "Shareholder Parties" means Shareholders, the Landlord, its Members and their employees, agents, and professionals.

      ii. The "Debtor Parties" means Debtor, the Creditors Committee, the bankruptcy estate and their respective members, directors, officers, employees, agents and professionals.

      iii. The "Subject Claims" means any and all claims of whatsoever type or nature which in any manner relate to the matters identified in the Recitals, the Cash Collateral Motion, the Stay Relief Motion or the relationship between Debtor, on the one hand, and any of the Shareholder Parties, on the other hand.

      iv. The "Subject Claims" shall not include the rights and duties of the parties under this Stipulation.

   b. Release:

      i. The Shareholder Creditors and the Landlord hereby release and forever discharge the Debtor Parties from any and all Subject Claims.

      ii. The Debtor and the Committee hereby release and forever discharge the Shareholder Parties from any and all Subject Claims.

      iii. Each of the parties has considered the possibility that he or it may not now fully know the number or magnitude of all the Subject Claims which he or it has or may have against the other party hereto, but nevertheless intends to assume the risk that he or it is releasing such unknown claims, and agrees that this Mutual Release is a

full and final release of any and all Subject Claims, and expressly waives the benefits of Section 1542 of the California Civil Code and all similar statutes, which Section provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

c. It is understood and agreed that this is a compromise settlement of disputed claims, and that this Mutual Release shall not be construed as an admission of liability by any of the parties hereto.

5. <u>Order:</u> This Stipulation shall become Effective upon entry of an Order approving it by the Court. The parties hereto agree diligently and unreservedly to seek entry of such an Order.

6. <u>No Assignment</u>. The parties hereto represent and warrant that each is the only person or entity who, to its knowledge, has any interest in any claims, causes of action, costs or demands herein released and that none of such claims, causes of action, costs or demands, nor any part thereof, have been assigned, granted or transferred in any way to any person, persons, entity or entities.

7. <u>Representation and Warranties</u>. The Debtor and the Committee, on one hand, and the Shareholder Creditors and the Landlord, on the other hand, represent and warrant to each other that (a) they have freely and voluntarily entered into this Stipulation, (b) that no representations or promises of any kind other than as contained in this Stipulation have been made by any party to induce them to enter into this Stipulation, and (c) they have been fully advised by their attorneys concerning their rights and have further been advised by their attorneys as to the terms and effects of this Stipulation.

8. <u>Interpretation</u>. This Stipulation is to be construed simply and fairly, and not strictly in favor of or against the Debtor, the Committee, the Landlord or the Shareholder Creditors. This Stipulation was prepared and negotiated jointly by the parties.

9. <u>Governing Law</u>. This Stipulation shall be governed by the laws of the State of California, except to the extent the laws of the United States are applicable.

10. <u>Venue:</u> Any dispute respecting this Stipulation shall be resolved by the United States Bankruptcy Court for the Northern District of California, and assigned to the Honorable Thomas Carlson. The Shareholder Creditors and the Landlord expressly consents to the exercise of plenary jurisdiction over any such dispute by said Court. The Superior Court of the State of California shall enjoy jurisdiction in the event the Bankruptcy Court does not exercise it.

11. <u>Attorney's Fees</u>. Each party shall be responsible for the payment of his, her or its own attorney's fees and costs, and all of their expenses in connection with the matters referred to in this Stipulation. Nevertheless, in any action or proceeding to enforce this Stipulation, the prevailing party shall be entitled to his, her or its attorney's fees and costs.

12. <u>Sole and Only Agreement</u>. The Debtor, the Committee, the Landlord and the Shareholder Creditors agree that this instrument constitutes the sole and only agreement between the parties with respect to the subject matter hereof and correctly sets forth the rights, duties and obligations of each to the other as of its date. The terms of this Stipulation are contractual and not mere recitals. This Stipulation is executed without reliance upon any representation by any person concerning the nature or extent of injuries or legal liability therefor, and the parties hereto have carefully read and understand the contents of this Stipulation and sign the same as their own free act.

13. <u>Written Modifications:</u> No modification or alteration of this Stipulation shall be given force or effect, unless it is in writing, signed by the parties hereto.

14. <u>Successors and Assigns</u>. This Stipulation shall inure to the benefit of and bind the successors, assigns, heirs, executors and administrators of the parties, including any subsequently appointed Examiner or Trustee.

15. <u>Captions</u>. The captions of this Stipulation are for convenience only and are not a part of this Stipulation and do not in any way limit or amplify the terms and provisions of this Stipulation and shall have no effect on its interpretation.

STIPULATION RESOLVING CLAIMS    5

Case: 09-33497   Doc# 203   Filed: 06/11/10   Entered: 06/11/10 08:58:30   Page 6 of 8

1  16. <u>Counterparts</u>. This Stipulation may be executed in counterparts, by either an original signature or signature transmitted by facsimile transmission or other similar process and each copy so executed shall be deemed to be an original and all copies so executed shall constitute one and the same agreement.

IN WITNESS WHEREOF, the undersigned counsel represent and warrant that they are duly authorized to execute this Stipulation on behalf of their clients as of the date first set forth above.

DATED: June 11, 2010          TWBC, INC.

                                     By:    FRIEDMAN, DUMAS & SPRINGWATER, LLP

                                     By:  /s/ *Cecily Dumas*          .
                                           Cecily Dumas
                                   Its Counsel.

DATED: June 11, 2010          THE OFFICIAL CREDITORS COMMITTEE

                                     By:    HAHN & HESSEN, LLP.


                                     By:  /s/ *Mark T. Power*          .
                                           Mark T. Power
                                   Its Co-Counsel

DATED: June 11, 2010          WILKES BASHFORD 375 SUTTER STREET, LLC

                                     By:    ST. JAMES LAW, P.C.


                                   By:   /s/  *Michael St. James*   .
                                       Michael St. James
                                   Counsel for the Landlord

DATED: June 11, 2010          JOSEPH CALLAHAN and JOSEPH KEENAN

                                     By:    ST. JAMES LAW, P.C.


                                   By:   /s/  *Michael St. James*   .
                                     Michael St. James
                                   Counsel for Joseph Callahan & Joseph Keenan