1  FRIEDMAN DUMAS & SPRINGWATER LLP
   CECILY A. DUMAS (S.B. NO. 111449)
2  M. ELAINE HAMMOND (S.B. NO. 197444)
   33 New Montgomery Street, Suite 290
3  San Francisco, CA 94105
   Telephone Number:  (415) 834-3800
4  Facsimile Number:  (415) 834-1044
   cdumas@friedumspring.com
5  ehammond@friedumspring.com

6  Attorneys for Debtor
   TWBC, Inc. f/k/a The Wilkes Bashford Company
7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  In re                                    Case No. 09-33497 TEC

13  TWBC, INC.                               Chapter 11
    f/k/a The Wilkes Bashford Company,
14                                           **DEBTOR'S MOTION FOR ORDER
          Debtor.                            LIMITING NOTICE OF OPPORTUNITY
15                                           FOR HEARING ON CONVERSION**

16                                           [NO HEARING REQUESTED]

17

18          TWBC, Inc., f/k/a Wilkes Bashford Company, debtor and debtor-in-

19  possession, in the above-captioned Chapter 11 case ("Debtor"), submits this motion for an

20  order limiting notice of the opportunity for hearing on the Debtor's motion to convert to

21  chapter 7.

22                        **I.  RELIEF REQUESTED**

23          By this Motion, the Debtor requests, pursuant to Rules 2002(a), 2002(m), and

24  9007 of the Federal Rules of Bankruptcy Procedure (hereinafter "Rules") and B.L.R. 9014-

25  1(b)(3), that the Court limit service of the notice of hearing on the Debtor's motion to

26  convert to chapter 7 (the "Conversion Motion") to counsel for the Creditor's Committee, the

27  Office of the United States Trustee; and all parties having filed requests for notice in the

28  Debtor's case.

## II. FACTUAL INFORMATION

1.      On November 9, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On the same date, the Debtor also filed a motion to sell substantially all of its assets pursuant to Section 363 of the Bankruptcy Code.  The sale was approved by the court on November 25, 2009, and closed on November 30, 2009.

2.      Following the sale closing, the Debtor worked to recover additional assets for the benefit of its estate and to resolve the remaining secured claims asserted by certain shareholder lenders.  The Committee pursued surcharge claims against the shareholder lenders on behalf of the estate.  A settlement of all issues related to these claims has been approved by the court.  All secured claims have been paid in full.

3.      The Debtor completed liquidation of the remaining assets and reviewed the filed administrative and priority claims.  The Debtor and Committee obtained consensual reductions in the allowed amount of the majority of these claims.  As the available assets are limited the Debtor intends to convert its case to Chapter 7 in order to provide for a distribution of remaining assets to creditors

3.      As of June 16, 2011, the Debtor has a total of 332 creditors on its creditors' matrix.

## III. DISCUSSION

Pursuant to Section 1112(a) of the Bankruptcy Code, the Debtor has an absolute right to convert this chapter 11 case to a case under chapter 7.  The Debtor has liquidated all its assets and is moving to convert this case in order to provide an efficient distribution of the remaining assets to creditors.  Prior to bringing the Conversion Motion, the Debtor discussed conversion of this case with counsel for the Creditors' Committee and the attorney for the United States Trustee.  The Debtor believes that restricting notice to counsel for the Creditors' Committee, the Office of the United States Trustee and parties having filed requests for notice will relieve administrative costs and burdens on the estate,

00577148.DOC-1.

Case: 09-33497     Doc# 267     Filed: 06/16/11     Entered: 06/16/11 12:12:06     Page 2 of 3

1   allowing for additional distribution to creditors.   All creditors will receive notice of the

2   conversion pursuant to Rule 202(f).

3                                   **IV. CONCLUSION**

4               Based on the foregoing, the Debtor request that the Court enter an order

5   limiting notice of the Conversion Motion to counsel for the Creditor's Committee, the Office

6   of the United States Trustee and parties requesting special notice, and granting such other

7   and further relief as the Court deems appropriate.

8

9   Dated: June 16, 2011                    FRIEDMAN DUMAS & SPRINGWATER LLP

10                                  By:     */s/ M. Elaine Hammond*
11                                          M. Elaine Hammond
                                            Attorneys for Debtor